IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM KALMUK and ROSEMARY KALMUK, | ) ) ) | |
| Plaintiffs, | ) | No. 24 C 10962 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| DWIGHT A. BAIRD, in his official capacity as Sheriff of Kendall County, Illinois, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiffs William Kalmuk and Rosemary Kalmuk filed a two-count complaint against defendant Dwight Baird, in his official capacity as Sheriff of Kendall County, alleging two counts under 42 U.S.C. §1983 stemming from defendant's enforcement of an eviction order against plaintiffs. Defendant moves to dismiss the complaint under Fed R. Civ. P. 12(b)(1) and 12 (b)(6). For the reasons below, the motion to dismiss (Doc. 14) is granted.

## BACKGROUND

Plaintiffs' landlords filed a complaint in the Kendall County Circuit Court seeking to evict plaintiffs from their residence.[1] Rosemary was not served with an eviction complaint or summons. On February 21, 2024, after a bench trial at which William appeared but Rosemary did not, the Kendall County Circuit Court entered an order of eviction against both plaintiffs.

---

[1] At the motion to dismiss stage, "the court must construe all of the plaintiff's factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011). Thus, the court takes the background facts from plaintiff's complaint.

On February 29, 2024, defendant, acting in his official capacity as Kendall County Sheriff, issued a Final Eviction Notice that ordered plaintiffs to vacate the property and that any remaining belongings would be moved to the curb on March 11, 2024, at 9:00 am.

On March 5, 2024, plaintiffs filed a motion to vacate the eviction order issued on February 21, 2024. The motion was timely filed and served on defendant. Plaintiffs contend that under 735 ILCS 5/2-1203(b), if a post-judgment motion is filed within apt time—as this motion was—the enforcement of a judgment is stayed until further order of the court. Nevertheless, defendant proceeded to evict plaintiffs.

## DISCUSSION

Defendant moves to dismiss the complaint under both Fed. R Civ. P 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), defendant seeks to dismiss the complaint on the basis of sovereign immunity. Because "[s]overeign immunity is jurisdictional in nature" the court must address it at the outset. FDIC v. Meyer, 510 U.S. 471, 475 (1994).

Defendant raises a facial challenge to jurisdiction. That is, defendant contends that even if the allegations in plaintiffs' complaint are true, their claims are barred by sovereign immunity. See generally Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 443-44 (7th Cir. 2009) (explaining the distinction between facial and factual challenges to subject matter jurisdiction). When "evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use Twombly–Iqbal's 'plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." Silha v. ACT, Inc., 807 F.3d 169, 174 (7th Cir. 2015).

Defendant argues that plaintiffs' suit is barred by the Eleventh Amendment. According

2

to defendant, he was acting in his official capacity to enforce an order issued by an Illinois state court. Because defendant was acting in his official capacity as an official of the state of Illinois, defendant argues that his actions are shielded by Eleventh Amendment immunity.

Plaintiffs respond that defendant was not acting as an agent of the state of Illinois because he improperly enforced a non-final order that he knew was unenforceable under Illinois law. According to plaintiff, once the motion to vacate the eviction order was filed, the eviction order was stayed as a matter of law. Thus, when defendant enforced the allegedly unlawful eviction order, he was not acting as in his capacity to enforce an order issued by an Illinois state court.

The court agrees with defendant. Under the Eleventh Amendment, suits against a state or its agencies are barred "unless the state consents to suit in federal court or Congress uses its powers under the Fourteenth Amendment to abrogate the state's Eleventh Amendment immunity." Scott v. O'Grady, 975 F.2d 366, 369 (7th Cir. 1992). A suit for damages against a state official acting in their official capacity is "deemed to be a suit against the state and is thus barred by the Eleventh Amendment." Id.

The key issue is whether defendant was acting as an official of Kendall County or the state of Illinois when he executed the eviction. Unlike the state of Illinois, Kendall County does not receive the protection of sovereign immunity under the Eleventh Amendment. Illinois law specifically designates sheriffs as county officers and not state officials. Ill. Const. art. VII §4(c). Thus, county sheriffs in Illinois typically act as officials of their respective counties and not the state. Nevertheless, Illinois law also assigns non-discretionary duties to sheriffs, including that: "[s]heriffs shall serve and execute, within their respective counties, and return all warrants, process, orders and judgments of every description that may be legally directed or delivered to

3

them." 55 ILCS 5/3-6019.

Here, defendant, in executing the eviction order, was executing an "order[]…legally directed or delivered to him" by State of Illinois Circuit Court of Kendall County. Thus, defendant was acting as an arm of the Illinois state judicial system when he executed the eviction order. See Scott, 975 F.2d at 371 (holding that "[t]he county sheriff acts as an arm of the Illinois state judicial system in executing…state court orders").

Plaintiffs' position is that the judicial order that defendant executed was no longer valid, because the enforcement of the judgment was automatically stayed upon their timely filing of a post-judgment motion. But even assuming plaintiffs are correct on that point, the Illinois statutory scheme directing county sheriffs to "execute…orders and judgments" contemplates those orders and judgments as coming from courts, not litigants. Under Illinois law, "[t]he disobedience of any sheriff to perform the command of any warrant, process, order or judgment legally issued to him or her, shall be deemed a contempt of the court that issued the same, and may be punished accordingly." 55 ILCS 5/3-6020. (Emphasis added).

Here, plaintiffs point to no action of the State of Illinois Circuit Court of Kendall County (or any other court) staying the eviction order or otherwise indicating to defendant that the eviction order previously directed to him should not be executed. Instead, plaintiffs contend that defendant was bound by the legal notice contained in the service of their motion to defendant. But Illinois law does not task defendant with the duty to evaluate the merits of plaintiffs' unilateral legal contention that enforcement of the eviction order was stayed before executing the order. Instead, 55 ILCS 5/3-6019 and 6020 unequivocally command him to execute the eviction order directed to him by "the court." Thus, when he executed the eviction order, defendant was

acting in his official capacity as an arm of the Illinois state judicial system, regardless of the notice he received from plaintiffs. See Scott, 975 F.2d at 371. Therefore, defendant is entitled to sovereign immunity under the Eleventh Amendment and this court lacks jurisdiction to proceed any further. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996) (explaining that "[f]or over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States'"); see also Morgan v. Federal Bureau of Prisons, 129 F.4th 1043, 1050 (7th Cir. 2025) (discussing ambiguity as to whether sovereign immunity is a doctrine of personal or subject-matter jurisdiction).

## **CONCLUSION**

For the above reasons, the motion to dismiss (Doc. 14) is granted for lack of jurisdiction.

ENTER:

**Robert W. Gettleman**
**United States District Judge**

DATE:   May 9, 2025